23-CV-03445(CM)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT
TO CONSIDER A SUCCESSIVE OR SECOND MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT to 28 U.S.C. §§ 2244 (b), 2255(h)
BY A PRISONER IN FEDERAL CUSTODY



NAME: PUNEET DIKSHIT

PLACE OF CONFINEMENT:

FCI DANBURY CT

PRISONER NUMBER: 73788-509

**Instructions–Read Carefully**

(1) This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. All documents must be on 8½ x 11 inch paper; the Court will not accept other paper sizes. Any false statements of a material fact may serve as the basis for prosecution and conviction for perjury.

(2) All questions must be answered concisely in the proper space on the form.

(3) Movant seeking leave to file a second or successive petition is required to use this form.

(4) Movant may use additional pages only to explain additional grounds for relief and set forth additional facts and documents that support any alleged grounds. Separate petitions, motions, briefs, arguments, etc. should not be submitted.

(5) In capital cases only, the use of this form is optional, and separate petitions, motions, briefs, arguments may be submitted.

Rev. 1.24.2018

(6) Movant must show in the motion to the Court of Appeals that the claim to be presented in a second or successive habeas corpus application is based upon either

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7) Send the completed motion, the original and two copies, to:

**Clerk of Court**
**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall United States Court House**
**40 Foley Square**
**New York, New York 10007**

Rev. 1.24.2018

# MOTION

1.   (a)   State and division of the United States District Court which entered the judgment of conviction under attack
   <u>U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NY</u>

   (b)   Case number 21-CR-0760

2. Date of judgment of conviction APRIL 06, 2022

3. Length of sentence 24 MONTHS___Sentencing Judge McMAHON

4. Nature of offense or offenses for which you were convicted: 15 USC § 78j(b)

5. Have you taken a direct appeal relating to this conviction and sentence in the federal court?
   Yes [X]   No [ ]   If "yes", please note below:

   (a) Name of court U.S. COURT OF APPEALS SECOND CIRCUIT
   (b) Case number 22-868
   (c) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)

   (d) Result APPEAL DISMISSED FOR FAILURE TO FILE BRIEFS
   (e) Date of result OCT. 17, 2022

6. Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?
   Yes [X]   No [ ]
   If "yes", how many times? ONE_____ (if more than one, complete 7 and 8 below as necessary
   (a) Name of court <u>US DISTRICT COURT, SOUTHERN DISTRICT OF NY</u>
   (b) Case number 21-CR-0760
   (c) Nature of proceeding FRCrP 11 (d)(B) MOTION TO WITHDRAW GUILTY PLEA

Rev. 1.24.2018

(d) Grounds raised (list all grounds; use extra pages if necessary) _____
INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO APPRISE THE DEFENDANT THAT HE WAS SUBJECT TO MANDATORY DEPORTATION UPON COMPLETION OF HIS SENTENCE.

(e) Did you receive an evidentiary hearing on your motion? Yes ☐ No ☒
(f) Result DENIED
(g) Date of result 10/20/2022

7. As to any second federal motion, give the same information:
(a) Name of court _____
(b) Case number _____
(c) Nature of proceeding _____

(d) Grounds raised (list all grounds; use extra pages if necessary) _____

(e) Did you receive an evidentiary hearing on your motion? Yes ☐ No ☐
(f) Result _____
(g) Date of result _____

8. As to any third federal motion, give the same information:
(a) Name of court _____
(b) Case number _____
(c) Nature of proceeding _____

(d) Grounds raised (list all grounds; use extra pages if necessary) _____

(e) Did you receive an evidentiary hearing on your motion? Yes ☐ No ☐
(f) Result _____
(g) Date of result _____

Rev. 1.24.2018

9. Did you appeal the result of any action taken on your federal motions? (Use extra pages to reflect additional federal motions if necessary)
   (1) First motion No    Yes.
   (2) Second motion No    Yes    Appeal No. _____
   (3) Third motion No    Yes    Appeal No._____

10. If you did not appeal from the adverse action on any motion, explain briefly why you did not: NO CERTIFICATE OF APPEALABILITY GRANTED_____

11. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.
    Ground one:_____

    A. There was a patent and undisclosed conflict of interest between my law firm and teh prosecutor as the lead partner of the law firm representing me is the father of the lead prosecutor

    Supporting FACTS (tell your story briefly without citing cases or law):
I retained Kramer Levin Naftalis and Frankel (Colloquially Kramer Levin) as my law firm. The lead prosecutor in the case was Joshua Naftalis, son of the lead partner (Gary Naftalis) in the firm I retained. This was an undisclosed conflict that gave the prosecutor privileged access and influence (more details in addendum) that impacted how my ~~attorneys represented me~~

    Was this claim raised in a prior motion? Yes / **No**

    Does this claim rely on a "new rule of constitutional law?" Yes / **No**
    If "yes," state the new rule of constitutional law (give case name and citation):

    Does this claim rely on "newly discovered evidence?" **Yes** / No

    If "yes," briefly describe the newly discovered evidence, attach a copy (if available), ~~state when you obtained it, and why it was not previously available to you.~~
The relationship between counsel and prosecutor was not disclosed to me and I found out about it only post-sentencing, when I was doing a web search on my prosecutors and saw the relationship between Gary and Joshua Naftalis appear in a web article. I could not have discovered this earlier through due diligence as I was not actively searching or diligencing potential conflicts between my lawyers and the prosecutor

Rev. 1.242018

      B.      Ground two: INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting FACTS (tell your story briefly without citing cases or law):
AS I AM NOT A U.S. CITIZEN AND SUBJECT TO DEPORTATION UPON COMPLETION OF MY SENTENCE I WAS ELIGIBLE FOR A SMITH (United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994) DOWNWARD DEPARTURE, WHICH MOTION WAS NOT MADE ON MY BEHALF.

Was this claim raised in a prior motion? Yes ☐ No ☒

Does this claim rely on a "new rule of constitutional law?" Yes ☐ No ☒
If "yes," state the new rule of constitutional law (give case name and citation):

Does this claim rely on "newly discovered evidence?" Yes ☒ No ☐
If "yes," briefly describe the newly discovered evidence, attach a copy (if available), state when you obtained it, and why it was not previously available to you.
I WAS UNAWARE OF THE EXISTENCE OF A SMITH DOWNWARD DEPARTURE MOTION

[Additional grounds and facts and documents supporting any alleged grounds may be set forth on extra pages if necessary]

12. Do you have any motion or appeal now pending in any court as to the judgment now under attack? Yes ☐ No ☒
If "yes," Name of court _____ Case number _____

Page 7

Rev. 1.24.2018

Wherefore, movant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

_____
Movant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this motion are true and correct.

Executed on ~~FEB. 14,~~ March 17 2023_____       _____
[date]                                              Movant's Signature

### PROOF OF SERVICE

Movant must send a copy of this motion and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on  March ~~FEB~~ 17, 2023 _____, I mailed a copy of this motion*
                        [date]

and all attachments to AUSA JOSHUA NAFTALIS_____ at the following address:

ONE ST. ANDREWS PLAZA, NY, NY 10007 _____

_____
_____
Movant's Signature

---

\*  Pursuant to FRAP 25(a), " Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

Page 8                                                                Rev. 1.24.2018

# CM/ECF

- Query
- Reports

- Utilities

- Help
- Log Out

CLOSED,ECF,PRIOR

## U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:21-cr-00760-CM-1

| | |
|---|---|
| Case title: USA v. Dikshit | Date Filed: 12/15/2021 |
| Magistrate judge case number: 1:21-mj-10772-UA | Date Terminated: 04/07/2022 |

Assigned to: Judge Colleen McMahon

### Defendant (1)

**Puneet Dikshit**  represented by **Darren A. LaVerne**
*TERMINATED: 04/07/2022*   Kramer, Levin , Naftalis & Frankel, LLP
*also known as*   1177 Avenue of the Americas
Sealed Defendant 1   New York, NY 10036
*TERMINATED: 04/07/2022*   (212) 715-9274
  Fax: (212) 715-8000
  Email: dlaverne@kramerlevin.com
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*
  *Designation: Retained*

  **Michael Martinez**
  Kramer Levin Naftalis & Frankel, LLP
  1177 Avenue of the Americas
  New York, NY 10036

1

212-715-9404
Fax: 212-715-8404
Email: Mmartinez@kramerlevin.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Steven Shane Sparling**
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
212-715-7736
Fax: 212-719-8000
Email: ssparling@kramerlevin.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD) (1) | Imprisonment: Twenty-four (24) months; No Supervised Release imposed. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 15:78J.F SECURITIES FRAUD, 17:240.10b-5.F SECURITIES FRAUD, 18:1348.F SECURITIES FRAUD | |

---

**Plaintiff**

**USA**     represented by **Joshua Arditi Naftalis**
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212)-637-2310
Fax: (212) 637-2527

2

| | | |
|---|---|---|
| | | into a new apartment, get his children admitted into the local school and daycare, and help them settle into a new city. The government and pretrial services have no objections to the requested motion...ENDORSEMENT...OK (Signed by Judge Colleen McMahon on 6/27/22)(jw) (Entered: 06/27/2022) |
| 06/27/2022 | 34 | DEFENDANTS MOTION TO EXTEND SURRENDER DATE. Document filed by Puneet Dikshit. (bw) (Entered: 06/28/2022) |
| 08/03/2022 | 35 | DEFENDANT'S MOTION TO WITHDRAW/SET ASIDE/VACATE PLEA ON ACCOUNT OF INEFFECTIVE ASSISTANCE OF COUNSEL. Document filed by Puneet Dikshit. (bw) (Entered: 08/04/2022) |
| 08/12/2022 | 36 | RESPONSE to Motion by USA as to Puneet Dikshit re: 35 MOTION DEFENDANT'S MOTION TO WITHDRAW/SET ASIDE/VACATE PLEA ON ACCOUNT OF INEFFECTIVE ASSISTANCE OF COUNSEL.. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit ABA Ethics Opinion)(Naftalis, Joshua) (Entered: 08/12/2022) |
| 08/16/2022 | 37 | ORDER re: Attorney-Client Privilege Waiver (Informed Consent) as to Puneet Dikshit. It is hereby ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and it is further ORDERED that Petitioner Puneet Dikshit execute and return to this court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If he document is not received by the court within 60,days from today's date, the Court will deny the 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion. (Signed by Judge Colleen McMahon on 8/16/22)(jw) (Entered: 08/16/2022) |
| 08/17/2022 | 38 | Attorney-Client Privilege Waiver (Informed Consent) as to Puneet Dikshit. (jw) (Entered: 08/17/2022) |
| 08/18/2022 | 39 | MEMO ENDORSEMENT 34 MOTION DEFENDANTS MOTION TO EXTEND SURRENDER DATE as to Puneet Dikshit....ENDORSEMENT...Because the Government consents, the court will allow this one last postponement,of Mr. Dikshit's surrender date. The new surrender date is October 17, 2022. The date will not be postponed &gain for any reason. The current travel restrictions are extended through the new surrender date (Signed by Judge Colleen McMahon on 8/18/22) (jw) (Entered: 08/18/2022) |
| 09/06/2022 | 40 | DEFENDANT'S MOTION FOR TEMPORARY RELEASE OF PASSPORT. Document filed by Puneet Dikshit. (bw) (Entered: 09/07/2022) |
| 09/06/2022 | 41 | MEMO ENDORSEMENT denying 40 DEFENDANT'S MOTION FOR TEMPORARY RELEASE OF PASSPORT filed by Puneet Dikshit (1). ENDORSEMENT: Frankly, I view this request with some trepidation. It does not explain how Mr. Dikshit came to have no valid driver's license. Did his old license expire ? Did he not drive prior to now ? I would like more of an explanation before I act on this request. If I decide to grant it -- a big "if" -- it will be on the condition that Mr. Dikshit himself may not have custody of his passport; only the Probation Officer may handle it. (Signed by Judge Colleen McMahon on 9/6/2022) (bw) (Entered: 09/07/2022) |
| 09/07/2022 | 42 | DEFENDANT'S RESPONSE TO JUDGE MCMAHON's QUERIES ON MOTION FOR |

8

| | | |
|---|---|---|
| | | TEMPORARY RELEASE OF PASSPORT. Document filed by Puneet Dikshit. (bw) (Entered: 09/07/2022) |
| 09/07/2022 | 43 | MEMO ENDORSEMENT as to Puneet Dikshit on re: 42 DEFENDANT'S RESPONSE TO JUDGE MCMAHON's QUERIES ON MOTION FOR TEMPORARY RELEASE OF PASSPORT, filed by Puneet Dikshit. ENDORSEMENT: Defendant's motion to have his Pretrial Office accompanying him to the Georgia DMV with his passport is Granted. At no point is deft to be allowed to control custody of his passport. (Signed by Judge Colleen McMahon on 9/7/2022)(bw) (Entered: 09/07/2022) |
| 09/27/2022 | 44 | RESPONSE to Motion by Puneet Dikshit re: 35 MOTION DEFENDANT'S MOTION TO WITHDRAW/SET ASIDE/VACATE PLEA ON ACCOUNT OF INEFFECTIVE ASSISTANCE OF COUNSEL.. *Affidavit of Michael Martinez* (Martinez, Michael) (Entered: 09/27/2022) |
| 09/27/2022 | 45 | RESPONSE to Motion by Puneet Dikshit re: 35 MOTION DEFENDANT'S MOTION TO WITHDRAW/SET ASIDE/VACATE PLEA ON ACCOUNT OF INEFFECTIVE ASSISTANCE OF COUNSEL.. *Affidavit of Steven S. Sparling* (Sparling, Steven) (Entered: 09/27/2022) |
| 10/03/2022 | 46 | DEFENDANT'S RESPONSE TO DECLARATIONS FILED BY HIS PREVIOUS COUNSEL by Puneet Dikshit. Defendant, Puneet Dikshit, pro se, respectfully submits his response to the declaration filed by his ex-counsel. Given the declarations filed by Steven S. Sparling and Matthew Martinez, the defendant reiterates his request for the court permit the defendant to withdraw or otherwise set aside and vacate the plea entered on December 15th, 2021, and the resulting judgment entered in this case on April 6th, 2022 (jw) (Entered: 10/03/2022) |
| 10/17/2022 | 47 | MANDATE of USCA (Certified Copy) as to Puneet Dikshit re:, 29 Notice of Appeal. USCA Case Number 22-868. Ordered that the appeal is DISMISSED.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 10/17/2022. (nd) (Entered: 10/17/2022) |
| 10/19/2022 | 48 | RESPONSE in Opposition by USA as to Puneet Dikshit re: 35 MOTION DEFENDANT'S MOTION TO WITHDRAW/SET ASIDE/VACATE PLEA ON ACCOUNT OF INEFFECTIVE ASSISTANCE OF COUNSEL.. (Attachments: # 1 Exhibit A (Plea Agreement), # 2 Exhibit B (Plea Transcript), # 3 Exhibit C (Sentencing Transcript))(Naftalis, Joshua) (Entered: 10/19/2022) |
| 10/20/2022 | 49 | DECISION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS CONVICTION AND SENTENCE as to Puneet Dikshit. Defendant is currently serving a twenty-four months sentence for securities fraud. He commenced service of his sentence on October 17, 2022. Before the Court is Dikshit's pro se motion to "withdraw or otherwise set aside and vacate" his guilty plea "due to ineffective assistance of counsel." Dikshit alleges that his counsel "fail[ed] to inform him about the mandatory deportation he faced upon pleading guilty." (Dkt. 35). While styled under Fed. R. Crim. P. 11(d)(2)(B), the relief the defendant seeks is properly construed as a Section 2255 petition. See Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."). Indeed, the Court construes defendant's motion as a 28 U.S.C. § 2255 petition....[*** See this Decision and Order ***]... The motion is denied-the petition |

9

|  |  | is dismissed. The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Perez, 129 F.3d 255,260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying Dikshit's motion would not be taken in good faith. See Feliz v. United States, No. 01-cv-5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002). (Signed by Judge Colleen McMahon on 10/20/2022)(bw) (Entered: 10/21/2022) |
|---|---|---|
| 01/03/2023 | 50 | DEFENDANT'S MOTION FOR RELEASE OF PASSPORT. Document filed by Puneet Dikshit. (bw) (Entered: 01/03/2023) |
| 01/03/2023 | 51 | MEMO ENDORSEMENT as to Puneet Dikshit on re: 50 DEFENDANT'S MOTION FOR RELEASE OF PASSPORT filed by Puneet Dikshit. ENDORSEMENT: Pretrial Services is to release passport to the defendant's wife. (Signed by Judge Colleen McMahon on 1/3/2023)(bw) (Entered: 01/03/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/02/2023 15:55:33 | | | |
| PACER Login: | chrisalevr69 | Client Code: |  |
| Description: | Docket Report | Search Criteria: | 1:21-cr-00760-CM |
| Billable Pages: | 8 | Cost: | 0.80 |

ADDENDUM TO MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT TO CONSIDER A SUCCESSIVE OR SECOND MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT to 28 U.S.C. §§ 2244 (b), 2255(h) <u>BY A PRISONER IN FEDERAL CUSTODY</u>

<u>LEGAL ARGUMENT</u>

<u>POINT I</u>

THE DISTRICT COURT COMMITTED
PLAIN ERROR IN CONSTRUING AND
CONVERTING THE FRCrP 11(d)(B) MOTION
TO A 28 U.S.C. § 2255 MOTION WITHOUT
FIRST PROVIDING THE DEFENDANT AN OPPORTUNITY
<u>TO WITHDRAW HIS RULE 11(d)(B) MOTION</u>

On or about August 03, 2022 defendant prepared and filed pro se a F.R.Cr.P. 11(d)(B) motion to vacate or set aside his plea of guilty on the ground of ineffective assistance of counsel. See ECF no. 35.

After the government filed its answer in opposition the Court below on October 20, 2022 denied the motion but more importantly stated that "(b)efore the Court is Dikshit's pro se motion to "withdraw or otherwise set aside and vacate" his guilty plea "due to ineffective assistance of counsel." Dikshit alleges that his counsel "fail[ed] to inform him about the mandatory deportation he faced upon pleading guilty." (Dkt. 35). While styled under Fed. R. Crim. P. 11(d)(2)(B), the relief the defendant seeks is properly construed as a Section 2255 petition. See Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or

1

nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."). Indeed, the Court construes defendant's motion as a 28 U.S.C. § 2255 petition....[*** See this Decision and Order ***]... The motion is denied-the petition is dismissed. The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." ECF no. 49.

As defendant is neither an attorney nor law trained it was error for the district court to construe and re-label his pro se motion as a petition under 28 U.S.C. § 2255 without giving the defendant an opportunity to withdraw the mislabeled motion because this represents the defendant's one and only permitted 28 U.S.C. § 2255 petition.

The exact dilemma facing Mr. Dikshit arose and was discussed in Castro v. United States, 540 U.S. 375 (2003), where the Supreme Court addressed the practice by which a court may construe a request for relief as a section 2255 motion: "Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under

2

§ 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8.

In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision." 540 U.S. at 377; emphasis original. See also Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998)(holding that "district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized. Because the district court neither ruled,

3

based on the content of Adams's motion, that it was properly deemed a motion under § 2255, nor obtained Adams's informed consent that the motion should be deemed as made under § 2255, we hold that the district court should not have recharacterized Adams's motion, made under Rule 12(b)(2), as one made under § 2255. We therefore vacate the court's order and remand for further proceedings.")

**Additional Details**

The petitioner requests this Court to grant authorization for filing a successive 2255 under *Castro v. United States* given the district Court did not give the petitioner adequate warning about the consequences of characterizing his motion as a 2255. The district court, consequently, also did not give the petitioner an opportunity to withdraw his motion.

The above is the primary basis for requesting authorization for a successive 2255 motion. However, the petitioner has also added key facts that he intends to include in his successive 2255 motion (these are details in response to Question 11 in the authorization request form).

While these facts are for the Court's benefit, the defendant appeals that the Court consider the violation of *Castro v. United States* as the primary basis for granting the authorization.

Key Facts:

The petitioner's law firm, Kramer, Levin, Naftalis and Frankel, failed to inform the petitioner of a patent conflict of interest that also resulted in an adverse impact on the law firm's representation. This conflict arose as one of the named lead partners (Gary Naftalis) at the petitioner's law firm is the father of the lead prosecutor. This gave the lead prosecutor privileged access and influence over the law firm representing the petitioner. This also resulted in significant adverse impact on their representation, which the defendant will outline in detail in the successive 2255. Key Facts:

1) The defendant retained Kramer Levin, Naftalis and Frankel (colloquially Kramer Levin) prior to his arrest to self-report his conduct. However, he was arrested before he could self-report.

2) The lead prosecutor on this case was Joshua Naftalis. Neither the prosecutor, nor the law firm, informed the defendant about their privileged relationship where the lead prosecutor is the son of the lead partner at the law firm.

3) The defendant did not find out about this earlier as, as is to be expected, he was not actively looking out for any conflict between the prosecutor and his law firm. Kramer Levin's website is kramerlevin.com as is its email domain. Kramer Levin also refers to itself as "Kramer Levin" and given the name Naftalis does not appear in day to day nomenclature of the law firm, the defendant also did not chance upon this conflict. The defendant only realized that the prosecutor and the law firm had a direct relationship and the prosecutor had privileged access and influence when, a few days before he reported to prison, he googled the lead prosecutor's name and saw news reports linking Gary Naftalis and Josh Naftalis.

4) This conflict of interest is not mere speculation. In his 2255 motion, as is required, the defendant will also provide clear and convincing examples of how this conflict resulted in adverse actions by his lawyers. Namely:

   a) Failing to inform the Court about the near immediate actions that defendant took to self report, and the clear evidence in support of these actions, and failing to object in Court when the lead prosecutor claimed that the defendant retained Counsel only after he became aware of an investigation against him, despite this being patently untrue and easy to prove as such

b) On the prosecutor's suggestion, working with the prosecutor to pressure defendant to sign a Final Order of Removal despite no obvious benefit to defendant; Not disclosing that signing such an order would disqualify defendant from any benefits under the First Step Act. Though the defendant eventually refused to sign this order, the damage had been done as this partnership with prosecutor to convince defendant to sign an order of removal resulted in the Judge thinking that the defendant was willing to face extended ICE detention and hence that should not be considered a factor in giving a reduced sentence

c) Literally not including a single valid precedence in the Defendant's sentencing memo that supported the case for a non-custodial sentence and actually having to send a correction to the Judge two days before the sentencing to state that one of the legal precedence's quoted in the Defendant's sentencing memo was actually quoted in error. This left the defendant with no valid legal arguments supporting the case for a non-custodial sentence despite there being ample examples of such arguments available and despite the Probation itself recommending a non-custodial sentence.

These multiple errors, omissions and failures to object were at best influenced by the law firm's desire not to "step on toes" of the lead prosecutor and protect their privileged relationship, and at worst, collusion. These error and omissions collectively severely damaged the defendant's case.

The probation office had recommended a sentence of Time Served plus a fine of $20000 and a 2 year term of supervised release. However, given how the defendant's law firm let their relationship with the prosecutor influence their defense, the defendant ended up getting the harshest sentence (as a percentage of the guideline range) ever meted out to an insider trader since 2018 (as far back as the defendant has analyzed records) even without accounting for him being in a harsher prison environment with no early release benefits etc.

**remely Urgent**

Visit **UPS.com**

**Apply shipping documents on this side.**

**Window Envelope**
Use this envelope with shipping documents printed from a laser or inkjet printer on plain paper.

ode to
a pickup

hipments
or the letter rate, UPS Express® envelopes may only contain
ence, urgent documents, and/or electronic media, and must weigh
UPS Express envelopes containing items other than those listed
more than 8oz. will be billed by weight.

al Shipments
ress envelope may be used only for documents of no commercial
in countries consider electronic media as documents. Visit
portexport to verify if your shipment is classified as a document.

r the letter rate, the UPS Express envelope must weigh 8 oz. or less.
envelopes weighing more than 8 oz. will be billed by weight.

press envelopes are not recommended for shipments of
dia containing sensitive personal information or breakable items.
ash or cash equivalent.

hipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions

This envelope

```
BHANUSHREE MEHRA
(734) 272-3144
4308 JEFFERSON CT
ALPHARETTA  GA 30005

                                    0.7 LBS LTR 1 OF 1
                                    SHP WT: 1 LBS
                                    DATE: 17 MAR 2023

SHIP  CLERK OF COURT
TO:   US CT. OF APPEALS FOR THE SECOND CIR
      THURGOOD MARSHALL U.S COURT HOUSE
      40 FOLEY SQ

      NEW YORK  NY 10007-1502
```



NY 102 9-10

**UPS NEXT DAY AIR**      1
TRACKING #: 1Z 711 4W4 01 1122 2392

BILLING: P/P

ress®
pedited®

REF #1: NP

 

ut from the sale of